IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01467-BNB

FRED RAYNEL LUCERO,

    Plaintiff,

v.

THE MESA COUNTY SHERIFF'S OFFICE, in official and individual capacity,
STANLEY HILKEY, Sheriff, in official and individual capacity,
STEVEN FARLOW, Commander, in official and individual capacity,
JIM WESTERMEYER, Sheriff's Deputy, in individual capacity,
KEVIN MCCABE, Sheriff's Deputy, in individual capacity, and
THE MESA COUNTY DETENTION FACILITY, in official and individual capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Fred Raynel Lucero is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. He has filed **pro se** a civil rights complaint. Mr. Lucero also has submitted a motion for preliminary injunction, a supporting brief, and a motion for Court-appointed counsel that were filed with the Court on July 28, 2006.

In the motion for preliminary injunction, Mr. Lucero contends that for the past ten years, every time he is transferred on a writ to the Mesa County Detention Facility in Grand Junction, Colorado, he has to share a small cell and side-by-side beds with another inmate. He alleges that he is likely to spend the next two years in the Mesa County Detention Facility litigating an upcoming trial. He asks that this Court order the Mesa County Sheriff's Department to stack beds in cells, to cease housing maximum-

security felons like himself with pretrial detainees, and to cease housing him on the second tier of the facility.

The Court must construe liberally the motion for preliminary injunction because Mr. Lucero is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the motion for a preliminary injunction.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Lucero fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Therefore, the Court will deny the motion for a preliminary injunction. Accordingly, it is

ORDERED that the motion for a preliminary injunction submitted by Plaintiff Fred Raynel Lucero and filed with the Court on July 28, 2006, is denied. It is

FURTHER ORDERED that the motion for appointment of counsel is denied as premature.

DATED at Denver, Colorado, this 24 day of Aug., 2006.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01467-BNB

Fred Raynel Lucero
Prisoner No. 91725
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/25/06

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk