IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01467-WDM-CBS

FRED RAYNEL LUCERO,
    Plaintiff,
v.

THE MESA COUNTY SHERIFF'S OFFICE, in official and individual capacity,
STANLEY HILKEY, Sheriff, in official and individual capacity,
STEVEN FARLOW, Commander, in official and individual capacity,
JIM WESTERMEYER, Sheriff's Deputy, in individual capacity,
KEVIN MCCABE, Sheriff's Deputy, in individual capacity, and
THE MESA COUNTY DETENTION FACILITY, in official and individual capacity,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff Lucero's "Motion for the Court to Impose Costs on the Defendants, Pursuant to Fed. R. Civ. P. 4(2)(G)" (filed November 24, 2006) (doc. # 26); (2) Lucero's "Motion for Court to Impose Sanctions, Pursuant to Fed. R. Civ. P. 11(1)(A)" (filed November 24, 2006) (doc. # 27); and (3) "Plaintiff's Renewed Motion for Appointment of Counsel" (filed November 28, 2006 ) (doc. # 30). Pursuant to the Order of Reference dated October 5, 2006 (doc. # 13) and the memoranda dated November 27, 2006 (doc. # 29) and November 29, 2006 (doc. # 31), these matters were referred to the Magistrate Judge. The court has reviewed the matters, the entire case file and the applicable law and is sufficiently advised in the premises.

1.    Lucero asks the court to direct "the defendants to reimburse the United States Marshal the amount of $316.32 and other related expenses" associated with serving Defendants pursuant to the court's October 11, 2006 Order Granting Service by United States Marshal (doc. # 14). Because Lucero is proceeding *in forma pauperis* pursuant to Title 28 U.S.C. § 1915, the court granted service by the United States Marshal and

1

directed that "[a]ll costs shall be advanced by the United States." Lucero does not have standing to seek reimbursement on behalf of the U.S. Marshal. Lucero's motion is properly denied.

2. Next, Lucero indicates that he received a notice of electronic filing from the Clerk of the Court on November 10, 2006. (*See* Plaintiff's Appendix 1 to doc. # 27). Based on the notice of electronic filing, Lucero believes that Defendants filed a "pleading" of which they did not provide him a copy. Lucero asks the court to impose sanctions against the Defendants in the amount of $1361.46 for the expenses Lucero incurred in preparing his motion for sanctions.

Lucero misunderstands the notice of electronic filing that he received from the Clerk of the Court. The notice of electronic filing indicates only that Judge Walker D. Miller filed a memorandum referring Defendants' Motion for Extension of Time (doc. # 20) to Magistrate Judge Craig B. Shaffer. According to the Certificate of Service, Defendants' Motion for Extension of Time was mailed to Lucero on November 8, 2006. (*See* doc. # 20 at p. 4). Lucero's motion is properly denied.

3. Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad

discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Hill*, 393 F.3d at 1115 (citation omitted).

The court has given careful consideration to Lucero's request for appointed counsel and to all of the appropriate factors.  As a *pro se* litigant, Lucero is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Lucero has thus far adequately presented his claims unaided by counsel.  Upon initial review of the Prisoner Complaint, the court does not find sufficient merit to the claims to warrant the appointment of counsel.  The court determines that at this stage of the proceedings the appointment of counsel would not provide a substantial benefit to the court or the parties. The court is within its discretion in declining to request counsel to represent Lucero.

Accordingly, IT IS ORDERED that:

1.    Plaintiff Lucero's "Motion for the Court to Impose Costs on the Defendants, Pursuant to Fed. R. Civ. P. 4(2)(G)" (filed November 24, 2006) (doc. # 26) is DENIED.

2.    Lucero's "Motion for Court to Impose Sanctions, Pursuant to Fed. R. Civ. P. 11(1)(A)" (filed November 24, 2006) (doc. # 27) is DENIED.

3. "Plaintiff's Renewed Motion for Appointment of Counsel" (filed November 28, 2006 ) (doc. # 30) is DENIED.

DATED at Denver, Colorado, this 29th day of November, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge