IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01467-WDM-CBS

FRED RAYNEL LUCERO,
        Plaintiff,
v.

THE MESA COUNTY SHERIFF'S OFFICE, et al.,
        Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Plaintiff Lucero's "Motion for the Court to Reconsider Its Order of November 29, 2006" (filed December 5, 2006) (doc. # 39). Pursuant to the Order of Reference dated October 5, 2006 (doc. # 13) and the memorandum dated December 6, 2006 (doc. # 40), this matter was referred to the Magistrate Judge.  The court has reviewed the matter, the entire case file and the applicable law and is sufficiently advised in the premises.

        First, Lucero requests that this "case be reassigned to another Magistrate Judge" based on his allegation that he "has lost faith in the Honorable Magistrate Judge Craig B. Shaffer's rulings."  Lucero does not cite the legal authority under which he seeks recusal. The court will therefore examine the possible avenues for seeking recusal.

1.      Title 28 U.S.C. § 144

        Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to disqualify himself or herself. Section 144 provides:

            Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge

1

> shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144 requires an affidavit of bias and prejudice which must be timely and sufficient, among other things.  *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (citations omitted).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although a reviewing court must accept the truth of the facts alleged in a supporting affidavit, the affidavit is strictly construed against the party seeking recusal.  *Glass*, 849 F.2d at 1267.  "To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case."  *Sine v. Local No. 992, Intern. Broth. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989) (emphasis in original) (citations omitted).

2.     Title 28 U.S.C. § 455

Section 455(a) provides:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).  The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *Nichols*, 71 F.3d at 351.  In applying the objective test, the initial inquiry is whether a reasonable

*factual* basis exists for calling the judge's impartiality into question.  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted) (emphasis in original).

Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned.  Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986).  Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  *Cooley*, 1 F.3d at 993 (internal quotation marks and citation omitted).  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  *Nichols*, 71 F.3d at 351;  *Cooley*, 1 F.3d at 993 (citations omitted).

Section 455(b) provides:

(b) He shall also disqualify himself in the following circumstances:

   (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

   (2)  Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

   (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

   (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

   (5)   He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
   (i)  Is a party to the proceeding, or an officer, director, or trustee of a party;
   (ii)  Is acting as a lawyer in the proceeding;
   (iii)  Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
   (iv)  Is to the judge's knowledge likely to be a material witness

in the proceeding.[1]

"[Section] 455(b) is stricter than § 455(a) and is concerned with situations that may involve actual bias rather than § 455(a)'s concern with the public perception of the judicial process." *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994) (internal quotation marks and citation omitted).  Section 455(b)(1) "applies to knowledge which the judge obtained extrajudicially, *e.g.,* through prior representation of a party, or by witnessing the events at issue in the proceeding." *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987).

Under Section 455, factual allegations need not be taken as true.  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  "Nor is the judge limited to those facts presented by the challenging party." *Hinman*, 831 F.2d at 939.  The test is whether "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (citation omitted).

Section 455 "does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d at 1269-70.  "There must be a reasonable factual basis to question the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).  "The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *In re McCarthey*, 368 F.3d at 1269.  "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939 (citations omitted).

3.    Analysis

The provisions of 28 U.S.C. §§ 144 and 455 do not command automatic disqualification of the judge - on the contrary, "the decision to recuse is committed to the

---

[1]    Lucero's allegations do not appear to invoke subsections (2), (3), (4), or (5) of § 455(b)

sound discretion of the judge." *Hinman*, 831 F.2d at 938.  "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939.

The court concludes that Lucero's allegations do not rise to the level of bias under either § 144 or § 455.  Lucero has not filed any affidavit and fails to state any facts to support the request for recusal of the Magistrate Judge pursuant to § 144.  Lucero has presented only his personal speculation that the Magistrate Judge is biased, based upon one prior order.  "Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, __ F.3d __, 2006 WL 3307267 * 5 (10th Cir. (Utah) Nov. 15, 2006).  *See also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion") (applying § 455(a)).  The ruling that Lucero charges as the basis for recusal merely granted Defendants an extension of time to file a single, consolidated response to the Complaint no later than November 30, 2006.  The record reveals no facts showing that the Magistrate Judge is personally biased against Lucero.  A reasonable person could not question the court's impartiality under the circumstances of this case.  As Lucero has not met the requirements of § 144 or § 455, recusal is properly denied.

4.      Lucero further requests that "this Court reconsider its Order of November 29, 2006 and conduct a proper investigation by obtaining the legal mail log at the Sterling Correctional Facility. . . ."  The court concludes that its analysis in the November 29, 2006 Order (doc. # 32) was appropriate.

Accordingly, IT IS ORDERED that:

1.      Lucero's "Motion for the Court to Reconsider Its Order of November 29, 2006" (filed December 5, 2006) (doc. # 39) is DENIED.

      2.     Lucero's request that this "case be reassigned to another Magistrate Judge" is DENIED.

      DATED at Denver, Colorado, this 11th day of December, 2006.

                                      BY THE COURT:

                                      *s/Craig B. Shaffer*
                                      United States Magistrate Judge