IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01467-WDM-CBS

FRED RAYNEL LUCERO,
    Plaintiff,
v.

THE MESA COUNTY SHERIFF'S OFFICE, et al.,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendants' "Motion to Dismiss the 'Mesa County Sheriff's Office' and 'the Mesa County Detention Facility' " (filed November 30, 2006) (doc. # 33). Pursuant to the Order of Reference dated October 5, 2006 (doc. # 13) and the memorandum dated December 1, 2006 (doc. # 36), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, Plaintiff Lucero's Response (filed December 12, 2006) (doc. # 45), Defendants' Reply (filed December 21, 2006) (doc. # 49), the arguments presented at the Scheduling Conference held on January 25, 2007, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiff Lucero brings his claims pursuant to Title 42 U.S.C. § 1983. Lucero alleges that he was exposed to conditions at the Mesa County Detention Facility that constituted deliberate indifference to his serious medical needs, health, and safety in violation of the Eighth Amendment to the United States Constitution. (*See* Complaint at pp. 3-11). Lucero bases his claims on jail policies, that is, conditions and operations at the Mesa County Detention Facility.[1] Lucero names the "Mesa County Sheriff's Office" and "the Mesa County Detention Facility" as Defendants in the Complaint.

---

[1] As Lucero bases his claims on jail policies and conditions, he need not sue the individual Defendants.

First, Defendants argue that the "Mesa County Sheriff's Office" and "the Mesa County Detention Facility" do not exist as legal entities that may be sued. The court agrees. The "Mesa County Sheriff's Office" and "the Mesa County Detention Facility" do not exist as separate legal entities independent of Stanley Hilkey in his official capacity as elected Sheriff of Mesa County, Colorado. The "Mesa County Sheriff's Office" and "the Mesa County Detention Facility" are merely titles of departments that perform certain aspects of the Sheriff's governmental functions. *See Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991). The "Mesa County Sheriff's Office" and "the Mesa County Detention Facility" are not independent legal entities and thus are not persons under Title 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. at 814-16.

Second, Defendants assert that any claims alleged against the "Mesa County Sheriff's Office" and "the Mesa County Detention Facility" may be treated as alleged against Stanley Hilkey, in his official capacity as elected Sheriff of Mesa County, Colorado. Again, the court agrees. Under the Colorado Constitution and applicable statutes, the County Sheriff is treated as a public entity having certain powers and responsibilities. *Tunget v. Board of County Commissioners of Delta County*, 992 P.2d 650, 651-52 (Colo. App. 1999) (citing Colo. Const. art XIV, § 8.5). Statutory provisions enumerate the specific responsibilities and powers of a County Sheriff. *Tunget*, 992 P.2d at 652 (citations omitted). The Sheriff has the right of control over the deputy sheriffs and may be held liable for their actions. *Seeley v. Board of County Commissioners*, 791 P.2d 696 (Colo. 1990) (citing Colo. Rev. Stat. § 30-10-506). "[T]he sheriff shall have charge and custody of the jails of the county, and of the prisoners in the jails, and shall supervise them himself or herself or through a deputy or jailer." Colo. Rev. Stat. § 30-10-511. "It is the duty of any sheriff transporting prisoners to a correctional facility, as defined in section 17-1-102, C.R.S., or other place of confinement to convey to such facility or other place of confinement at one time all prisoners who may have been convicted and sentenced and

who are ready for such transportation." Colo. Rev. Stat. § 30-10-514.  Lucero's claims regarding jail conditions and operations may properly be treated as claims against Defendant Hilkey in his official capacity as elected Sheriff.

Accordingly,

IT IS RECOMMENDED that Defendants' "Motion to Dismiss the 'Mesa County Sheriff's Office' and 'the Mesa County Detention Facility' " (filed November 30, 2006) (doc. # 33) be GRANTED and that Defendants "The Mesa County Sheriff's Office" and "The Mesa County Detention Facility" be DISMISSED from this civil action.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make

timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 5th day of February, 2007.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge